UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                            )
INFOSYS LIMITED                             )
                                            )
                    Plaintiff,              )
                                            )
            v.                              )   Civil Action No. 12-11212
                                            )
OPUS INFOSYS LLC                            )   **DEMAND FOR JURY TRIAL**
                                            )
                    Defendant.              )
_____)

## COMPLAINT

Plaintiff Infosys Limited ("Infosys") brings this complaint for federal trademark infringement, unfair competition, cybersquatting, and unfair trade practices against Opus Infosys LLC ("Opus"). Infosys alleges as follows, upon actual knowledge as to itself, and upon information and belief as to all other matters.

## NATURE OF ACTION

1.      This is an action for trademark infringement, unfair competition, and cybersquatting under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, unfair trade practices under Mass. Gen. Laws ch. 93A, § 11, and unfair competition under the common law of Massachusetts. Infosys seeks equitable relief and damages for Opus' infringing use of the mark and name OPUS INFOSYS to identify and promote consulting and information technologies services in violation of Infosys' trademark and trade name rights.

## PARTIES

2.      Plaintiff Infosys is a corporation organized under the laws of India with a principal place of business in Bangalore, India, and business locations throughout the United States, including in this District.

3.      Upon information and belief, Defendant Opus is a limited liability company organized under the laws of Delaware, with a principal place of business at 101 Federal Street, Boston, Massachusetts 02110 and/or 1050 Winter Street, Suite 1000, Waltham, Massachusetts 02451.

## JURISDICTION AND VENUE

4.      This is an action under the federal Trademark Act, 15 U.S.C. 1051, *et seq.*, and under the statutory and common law of the Commonwealth of Massachusetts, including Mass. Gen. Laws ch. 93A, § 11.  Subject matter jurisdiction over this action is conferred upon this Court by 15 U.S.C. §1121 and 28 U.S.C. §§ 1331 and 1338 (a) and (b).  This Court also has diversity jurisdiction under 28 U.S.C. § 1332 because the matter is between a citizen of a state and a citizen of a foreign state and the amount of controversy exceeds $75,000, exclusive of interest and costs.  Additionally, the Court has supplemental jurisdiction over Infosys' state-law claims pursuant to 28 U.S.C. § 1367.

5.      This Court has personal jurisdiction over Opus and venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) because Opus is doing business in this District using the infringing trademark giving rise to Infosys' claims, Opus provides services under the infringing trademark to customers located in this District, and Infosys is being harmed in this District.

## INFOSYS AND ITS TRADEMARKS

6.      Infosys is a world leader in information technology and consulting products and services with offices in over thirty countries throughout the world, including the United States.

7. Founded in 1981, Infosys has developed a customer base of nearly 700 clients worldwide, including a substantial number of large global corporations, including P&G, Nordstrom, Kraft Foods, and Volkswagen.

8. Infosys provides a wide range of business consulting, information technology and outsourcing, and software engineering services and products throughout the world, including in the United States.  These product and service offerings include computer and information technology consultation services, business management consulting, information technology outsourcing, and software engineering, design, integration, and consulting.

9. Infosys has continuously used the INFOSYS mark and name in the United States since at least as early as 1981.  In the last year alone, Infosys' worldwide revenues from its products and services nearly toppled $7 billion.

10. Infosys owns U.S. Trademark Registration No. 1809733 for the mark INFOSYS covering "computer consultation services and custom design of computer software."  True and correct copies of printouts from the United States Patent and Trademark Office database showing the current ownership and status of this registration are attached as Exhibit A.

11. Infosys also owns U.S. Trademark Registration No. 3170377 for the mark INFOSYS, covering "business consulting services related to information technology, systems management and integration, product development and support, and software engineering; outsourcing services in the field information technology, systems management and integration, product development and support, and software engineering; business process engineering services; installation, maintenance and repair of computer hardware systems; electronic storage of data for others; computer consulting services; computer software design and development services for others; computer services, namely creating and maintaining websites for others;

installation, maintenance and updating of computer software; technical support services, namely, troubleshooting of computer hardware and software problems in person, via telephone and via electronic and optical communications networks; integration of computer systems and networks." True and correct copies of printouts from the United States Patent and Trademark Office database showing the current ownership and status of this registration are attached as Exhibit B.

12. The above federal trademark registrations are valid and subsisting and are prima facie evidence of Infosys' ownership and the validity of the INFOSYS mark and of Infosys' exclusive right to use that mark for the identified services. Moreover, Registration No. 1809733 is incontestable, and thus constitutes conclusive evidence of Infosys' exclusive right to use the INFOSYS mark for the identified services pursuant to 15 U.S.C. §§ 1065 and 1115(b).

13. Infosys owns the domain name infosys.com, which it has used for many years to promote its various products and services described above.

14. Infosys has devoted many millions of dollars over the years to promote and advertise its INFOSYS products and services in publications such as *Forbes*, *Bloomberg Business Week*, and *Newsweek*.

15. Infosys has established considerable goodwill and recognition, and valuable trademark and trade name rights in its INFOSYS mark and name, by virtue of its long use of the mark and name, its substantial promotional and marketing efforts, and strong sales and revenues of products and services offered under the INFOSYS mark and name. The INFOSYS mark and name is and has long been widely recognized in connection with a broad range of products and services offered and provided by Infosys.

**OPUS AND ITS UNLAWFUL ACTS**

16. Opus uses the mark and name OPUS INFOSYS for its software development, IT outsourcing, and computer and information technology consulting business.

17. Opus advertises, promotes, and sells its services to customers under the OPUS INFOSYS mark and name, including targeting and sending email solicitations directly to Plaintiff's customers in an attempt to unfairly gain an advantage in the marketplace by creating confusion over the INFOSYS mark and name.

18. Defendant has registered and is using the domain name opusinfosys.com to promote its services online. True and correct copies of printouts from the www.opusinfosys.com webpage are attached as Exhibit C.

19. According to WHOIS records, Opus registered the domain name opusinfosys.com on September 4, 2006. WHOIS records list Aseem Anand of New Delhi, India as the registrant for the domain name. A true and correct copy of the WHOIS record for the domain name is attached as Exhibit D.

20. Opus' use of the INFOSYS mark and name has caused actual confusion and mistake in the marketplace.

21. Infosys objected to Opus' use of the OPUS INFOSYS mark and name, but Opus has ignored those objections and persists to use the infringing trademark to trade on the tremendous goodwill Plaintiff enjoys, including through direct solicitations of Plaintiff's customers.

## INJURY TO INFOSYS AND THE PUBLIC

22. Opus' actions described above are likely to cause confusion, mistake, and deception as to the source or origin of Opus' products and services, and are likely to falsely suggest a sponsorship, connection, license, or association between Opus, its products and services, and/or its commercial activities with Infosys, its products and services, and/or commercial activities. Opus' use of the OPUS INFOSYS name and mark to solicit and conduct business has injured and, unless enjoined by this Court, will continue to injure Infosys, its mark and trade name INFOSYS, the goodwill associated with its mark and name, and Infosys' hard-earned reputation.

23. Opus' actions described above have damaged and, if permitted to continue, will further damage Infosys, the INFOSYS mark and name, and Infosys' reputation and goodwill associated with its mark and name, and the public interest in being free from confusion.

24. Opus' actions described above have irreparably harmed and, if not enjoined, will continue to irreparably harm Plaintiff and the INFOSYS trademark.

25. Plaintiff has no adequate remedy at law.

### FIRST CLAIM FOR RELIEF
### Trademark Infringement
### Under Section 32 of the Lanham Act, 15 U.S.C. §1114

26. Infosys repeats and realleges each and every allegation set forth in paragraphs 1 through 25 of this Complaint.

27. Opus' use in commerce of the mark and name OPUS INFOSYS as described above in connection with the sale, offering for sale, and advertising of Opus' goods and services has caused and is likely to continue to cause confusion, or to cause mistake, or to deceive in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

6

28. The actions of Opus described above have at all times relevant to this action been willful and knowing.

29. As a direct and proximate result of the actions of Opus alleged above, Infosys has been damaged and will continue to be damaged.

## SECOND CLAIM FOR RELIEF
### Unfair Competition
### Under Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A)

30. Infosys repeats and realleges each and every allegation set forth in paragraphs 1 through 29 of this Complaint.

31. Opus' use of the mark and name OPUS INFOSYS as described above in connection with the sale, offering for sale, and advertising of Opus' goods and services has caused and is likely to continue to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or approval of Opus, its products and services, and/or its commercial activities by or with Infosys, its products and services, and/or commercial activities, and thus constitutes trademark infringement, false designation of origin, and unfair competition in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

32. The actions of Opus described above have at all times relevant to this action been willful and knowing.

33. As a direct and proximate result of the actions of Opus alleged above, Infosys has been damaged and will continue to be damaged.

## THIRD CLAIM FOR RELIEF
### Cybersquatting
### Under Section 43(d) of The Lanham Act, 15 U.S.C. § 1125(d)

34. Infosys repeats and realleges each and every allegation set forth in paragraphs 1 through 33 of this Complaint.

35. Opus' actions described above, occurring after the INFOSYS mark became distinctive, constitute a bad faith attempt to profit from the INFOSYS mark by use and registration of a confusingly similar domain name in violation of Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).

36. The actions of Opus described above have at all times relevant to this action been willful and knowing.

37. As a direct and proximate result of the actions of Opus alleged above, Infosys has been damaged and will continue to be damaged.

## FOURTH CLAIM FOR RELIEF
### Unfair Trade Practices
### Under Mass. Gen. Laws ch. 93A

38. Infosys repeats and realleges each and every allegation set forth in paragraphs 1 through 37 of this Complaint.

39. Infosys and Opus are engaged in the conduct of trade or commerce within the meaning of Mass. Gen. Laws ch. 93A.

40. Opus' acts and practices described above constitute unfair methods of competition and/or unfair or deceptive acts or unlawful practices under Mass. Gen. Laws ch. 93A § 11, and were committed by Opus primarily and substantially in the Commonwealth of Massachusetts.

41. The actions of Opus described above have at all times relevant to this action been willful and knowing.

42. As a direct and proximate result of the actions of Opus alleged above, Infosys has been damaged and will continue to be damaged.

## FIFTH CLAIM FOR RELIEF
### Common Law Unfair Competition

43. Infosys repeats and realleges each and every allegation set forth in paragraphs 1 through 42 of this Complaint.

44. Opus' actions described above create the impression in the mind of the public that Infosys is responsible for the quality and performance of Opus' services or is otherwise connected or associated with Opus, and thus constitute common law trademark and trade name infringement in violation of Infosys' rights under the common law of the Commonwealth of Massachusetts

45. The actions of Opus described above have at all times relevant to this action been willful and knowing.

46. As a direct and proximate result of the actions of Opus alleged above, Infosys has been damaged and will continue to be damaged.

## PRAYER FOR RELIEF

A. An Order declaring that Opus' unauthorized use of the mark and name OPUS INFOSYS as described above infringes Infosys' trademark and trade name rights and that Opus' actions constitute federal, state, and/or common law trademark and trade name infringement, unfair competition, cybersquatting, and unfair trade practices.

B. A permanent injunction enjoining Opus and its employees, agents, partners, officers, directors, owners, shareholders, principals, subsidiaries, related companies, affiliates, distributors, dealers, and all persons in active concert or participation with any of them:

1. From using the mark and name INFOSYS, OPUS INFOSYS and the opusinfoys.com domain name, any variations of those marks and names, and any other marks or names that are confusingly similar to the INFOSYS mark,

9

        including but not limited to use as, or as part of a trademark, service mark, logo, tagline, slogan, trade name, corporate name, business name, e-mail address, domain name, URL, screen name, social media name, metatag, or other name, mark, or identifier;

    2.    From representing by any means whatsoever, directly or indirectly, that Opus, any products and services offered by Opus, or any activities undertaken by Opus, are associated or connected in any way with Infosys or otherwise associated, approved, sponsored, or connected in any way with Infosys.

    C.    An Order directing the transfer to Plaintiff of the domain name opusinfosys.com and any other domain names owned or controlled by Opus that contain INFOSYS or a variation thereof.

    D.    An Order requiring Opus to pay Infosys actual damages in an amount as yet undetermined caused by the foregoing acts of infringement and unfair competition, and trebling such damages in accordance with 15 U.S.C. § 1117 and other applicable laws.

    E.    An Order requiring Opus to account for and pay to Infosys any and all profits arising from the foregoing acts, and increasing such profits, in accordance with 15 U.S.C. § 1117 and other applicable laws.

    F.    An Order requiring Opus to pay statutory damages in the amount of $100,000 for its registration and use of the domain name opusinfosys.com in accordance with 15 U.S.C. § 1117.

    G.    An Order requiring Opus to pay Infosys the costs of bringing this action, including reasonable attorneys' fees, pursuant to 15 U.S.C. §§ 1117 and 1120 and other applicable laws.

H.      An award of multiple damages as allowed by Mass. Gen. Laws ch. 93A and/or fees or costs as provided under state law.

I.      Such other relief as the Court may deem appropriate.

## JURY DEMAND

Under Rule 38 of the Federal Rules of Civil Procedure, Infosys requests a trial by jury of all issues so triable by a jury in this action.

Dated:  July 5, 2012                Respectfully submitted,

/s/ Jonathan M. Gelchinsky
Jonathan M. Gelchinsky (BBO #656282)
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
55 Cambridge Parkway
Cambridge, Massachusetts  02142-1215
Telephone:  (617) 452-1600
Facsimile:  (617) 452-1666

Mark Sommers (BBO #545297)
  (*pro hac vice pending*)
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, DC  20001
Telephone:  (202) 408-4000
Facsimile:  (202) 408-4400

*Attorneys for Plaintiff*
INFOSYS LIMITED